09-2282-ag
Lin v. Holder

BIA
Ferris, IJ
A099 666 549

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18ᵗʰ day of February, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges*.

_____

MEI FANG LIN,
> *Petitioner*,

> v.                                             09-2282-ag
>                                                NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Feng Li, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Linda S. Wernery, Assistant Director, Theodore C. Hirt, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Mei Fang Lin, a native and citizen of the People's Republic of China, seeks review of a May 7, 2009 order of the BIA affirming the July 10, 2007 decision of Immigration Judge ("IJ") Noel Anne Ferris, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin*, No. A099 666 549 (B.I.A. May 7, 2009), *aff'g* No. A099 666 549 (Immig. Ct. N.Y. City July 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *See Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v.*

*Holder*, 562 F.3d 510, 513-14 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination. As the IJ found, Lin testified, but did not state in her asylum application, that: (1) she went to the police in China to see if they would help her; and (2) her parents paid money to her suitor's family. The agency was entitled to rely on these omissions in finding Lin not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Lin further argues that the IJ failed to provide specific and cogent reasons for the finding pertaining to her demeanor. To the contrary, the IJ provided specific examples of behavior and responses that led her to draw an adverse inference as to Lin's credibility. We accord particular deference to such assessments of an applicant's demeanor. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1. (2d Cir. 2005).

The IJ also reasonably found that Lin was not credible because she conceded that when she was interviewed by immigration officials, she falsely told them that she feared persecution in China because she was Catholic. *See Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006); *Siewe v.*

*Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Furthermore, the IJ reasonably rejected Lin's explanations for her false statements. *Majidi*, 430 F.3d at 80-81.

Finally, to the extent that Lin argues that the BIA erred because it failed to "specifically address" each of the IJ's adverse credibility findings, we presume that the BIA "has taken into account all of the evidence before [it]," because the record does not compellingly suggest otherwise. *See Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006). Moreover, the BIA is under no obligation to parse each of the IJ's findings in its decisions. *See* 8 C.F.R. § 1003.1(e)(4) (allowing a single Board member to affirm the IJ's decision without issuing an opinion); 8 C.F.R. § 1003.1(d)(2) (allowing for a single Board member to summarily dismiss an appeal).

Accordingly, considering the totality of the circumstances and all relevant factors, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As the only evidence of a threat to Lin's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for

4

asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Lin does not challenge the IJ's denial of her CAT claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk